## APPEAL FROM ORDER REMOVING EXECUTOR.

Common Pleas Court of Franklin County.

IN THE MATTER OF THE ESTATE OF LEWIS SELLS, DECEASED.

· Decided, January, 1909.

*Constitutional Law—Exclusive Jurisdiction and Appellate Jurisdiction not Inconsistent—Appeal from Order Removing Executor—Who May Appeal—Perfecting of the Appeal—Sections 524 and 6407.*

1. While exclusive jurisdiction cuts off concurrent jurisdiction, it is not inconsistent with appellate jurisdiction over the same subject-matter by another court; and it follows, therefore, that the right, conferred by Section 6407, of appeal to the common pleas from an order of the probate court removing an executor, is not in conflict with the provision of Section 524, giving to the probate court exclusive jurisdiction to grant and revoke letters testamentary.

2. When an order is made by the probate court removing an executor, it is directed against him and he is affected by it, and he has the right of appeal therefrom, notwithstanding he is not an heir, devisee or other interested person under the will.

*W. H. Jones, W. O. Henderson* and *L. G. Addison,* for appellant.

*A. T. Seymour, J. Warren Keifer* and *H. J. Booth,* contra.

ROGERS, J.

This case stands on a motion to dismiss the appeal, based on five separate grounds, but which for the purposes of this decision may be grouped into three grounds, namely: That this court has no jurisdiction to hear the appeal; that the appeal was not taken by any person having a right to appeal; and that the appeal was not perfected according to law.

The order appealed from is one of July 13, 1908, by the probate court, removing Mary Green as executrix of decedent; and in the same order William F. Burdell is appointed her successor. The record shows that Mary Green was theretofore, on November 6th, 1907, duly appointed and qualified, and she acted as such executrix until her removal as above indicated. At the time of the order removing Mary Green as executrix, and as a part of such order, she gave notice of her intention to appeal, and the court fixed the amount of her bond at $1,000. And on the 14th of July, 1908, she again gave notice of her intention to appeal by filing such notice with the probate court, and on the same day gave her appeal bond, pursuant to the statute, in the sum of $1,000, which was approved, and filed in the probate court.

As to the jurisdiction of this court: Section 8 of Article IV, of the present Constitution, provides that—

"The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians  *  *  *  and such other jurisdiction  *  *  *  as may be provided by law."

The Constitution contemplated that original jurisdiction in probate and testamentary matters should be confined to the probate court, but in nowise limited the jurisdiction in probate and testamentary matters exclusively to that court, so as to cut off appeal or error therefrom. If this were so, no order in the settlement of the accounts of executors, etc., could be appealed from. But both error and appeal have been prosecuted from such orders so often that the matter is no longer an open question. Hence, while it is intended that all probate and testamentary proceedings shall originate in the probate court, the Constitution does not cut off the right of appeal or error, but has left to the Legislature the right to confer by statute jurisdiction, either appellate or in error, on such other tribunals as it may deem expedient, to try anew or review the orders and judgments of the probate court. If, therefore, the statutes have conferred appellate jurisdiction on this court to try anew the

questions, or any of them, involved in the order appealed from, I am unable to see how such statutes are in contravention of the Constitution.

Have the statutes of this state conferred on the common pleas jurisdiction on appeal, of matters from the probate court, and if so, do they cover the case at bar? The right of appeal is exclusively statutory, and if there is no statute, the right does not exist. By Section 6407, Revised Statutes, it is provided that the right of appeal may be had from an order of the probate court removing or refusing to remove an executor, etc. And while Section 524, Revised Statutes, declares that the probate court shall have exclusive jurisdiction to grant and revoke letters testamentary, "except as hereinafter provided," it is only contemplated that the original jurisdiction shall be exclusive, and the section in nowise cuts off the right of appeal, wherever provision is otherwise made therefor. *Exclusive* jurisdiction of a court is not inconsistent with *appellate* jurisdiction of another court, of the same matter. When exclusive jurisdiction is vested in the former, concurrent jurisdiction of the latter is intended to be cut off; but the appellate jurisdiction of the latter need not be disturbed, even though the original jurisdiction of the former is exclusive. Besides, Section 524, Revised Statutes, contains the exception above indicated, which may refer as well to the appellate jurisdiction as to the concurrent jurisdiction, of other courts. But the more reasonable construction of the two sections mentioned is to limit Section 524 to cases wherein the probate court has exclusive original jurisdiction except in cases provided, and to confer by Section 6407 appellate jurisdiction on the common pleas in the cases mentioned, with others. Hence, I have arrived at the conclusion that by express statute, the court of common pleas has jurisdiction by appeal of an order removing an executor.

As to Mary Green's right to appeal: Besides Section 524 above mentioned, prescribing the jurisdiction of the probate court, Section 6017 confers upon the probate court the power to remove any executor, and Section 6407 gives the right of appeal from such order of removal. And it remains to determine whether the right so to appeal is given the appellant here.

Regarding appeals from the probate court: Section 6407, Revised Statutes, declares, that "appeals may be taken to the court of common pleas  *  *  *  from an order removing  *  *  *  an executor  *  *  *  by any person against whom such order  *  *  *  shall be made, or who may be affected thereby." The order in question was made against Mary Green in her capacity as executrix of decedent; and she was also affected by such order. The statute having designated who shall have the right of appeal, and among others, any person against whom such order shall be made, and the order having been made against her, the right of appeal was by statute vested in her by the plain and unambiguous language of the statute. Much is said about the appellant not having an interest as a party such as to give her the right to appeal. Interest cuts little figure, when the plain reading of the statute confers the right upon her. The statute does not require that she be a party in interest, or any other interest than that the order be made against her. The statute then gave her all the interest needed to take the appeal. The order was both against her and she was affected by it, and when this condition arose her right under the statute to appeal attached.

Learned counsel have also discussed at length the statutes pertaining to proceedings in error, and seek by analogy to draw the inference that the court would arrive at the same conclusion with reference to appeals. But such analogies have but little force in the face of the plain language of the statutes governing appeals from the probate court. When the statute is clear, there is no occasion to resort to inferences to be drawn from analogous proceedings. Furthermore the statutes, under which many of the cited cases were rendered, have been changed, and the decisions have little force when applied to the amended statutes. Relying upon the ordinary meaning of the words used in the statute, and not straining them by construction, in order to exclude persons from appealing from an order, I am convinced that Section 6407 gives the right of appeal to the appellant, she being the executrix under decedent's will, even though she may not be shown by the record to be an heir, devisee or other interested person under such will.

As to perfecting the appeal: Sections 6408 and 6409 provide the proceeding necessary to perfect the appeal, and an examination of the record and the file mark on the transcript discloses that the appellant has complied with both sections, whether she has appealed in the interest of the trust or individually. She both gave the bond and the notice required by the statute; and I am unable to see any irregularity in making the appeal complete.

It is of little consequence whether the order of the probate court is suspended, or vacated by the appeal. If the right of appeal is given, this right is not abridged in either event.

The motion to dismiss the appeal is, therefore, overruled.